**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2019 FEB -7 PM 7:01
CLERK'S OFFICE
AT BALTIMORE
BY_____DEPUTY

Chambers of
**Ellen Lipton Hollander**
District Court Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-0742

February 7, 2019

MEMORANDUM TO COUNSEL

    Re:    *Hurtado v. Gramercy Property Trust*
             Civil Action No. ELH-18-2711

Dear Counsel:

    As you know, on August 31, 2018, plaintiff Raul Hurtado ("Hurtado") filed suit against Gramercy Property Trust ("Gramercy"). Hurtado alleges, *inter alia*, that defendants disseminated a materially misleading proxy statement in connection with the proposed sale of the Company to The Blackstone Group L.P., in violation of the Securities Exchange Act of 1934, codified at 15 U.S.C. § 78(a) *et seq. See* ECF 1 ("Complaint"). The Private Securities Litigation Reform Act of 1995 ("PSLRA") governs these actions.

    On August 31, 2018, plaintiff also filed a "Motion for Consolidation, Appointment as Lead Plaintiff, and Approval of Lead Plaintiff's Selection of Lead Counsel" (ECF 2), supported by a memorandum of law (ECF 2-1) (collectively, the "Motion"), a declaration in support of the Motion for Consolidation (ECF 2-2), and three exhibits. ECF 2-3 to ECF 2-5. Gramercy was served on September 4, 2018. *See* ECF 3.

    Notably, plaintiff proposed to consolidate this case with *Franchi v. Gramercy Property Trust*, No. ELH-18-1842, and *Madry v. Gramercy Property Trust*, ELH-18-1851. However, both of these cases are now closed. Therefore, the issue of consolidation is moot.

    I turn to the appointment of lead plaintiff and lead counsel.

    The PSLRA governs the appointment of the lead plaintiff in this case. A plaintiff seeking to serve as a representative party must first file a sworn certified statement with the complaint that, 15 U.S.C. § 78u-4(a)(2)(A):

> (i) states that the plaintiff has reviewed the complaint and authorized its filing;
> (ii) states that the plaintiff did not purchase the security . . . at the direction of plaintiff's counsel or in order to participate in any private action arising under this subchapter;
> (iii) states that the plaintiff is willing to serve as a representative party on behalf of a class, including providing testimony at deposition and trial, if necessary;
> (iv) sets forth all of the transactions of the plaintiff in the security . . . during the class period;
> (v) identifies any other action under this subchapter, filed during the 3-year period preceding the date on which the certification is signed by the plaintiff, in which the

plaintiff has sought to serve, or served, as a representative party on behalf of a class; and

(vi) states that the plaintiff will not accept any payment for serving as a representative party on behalf of a class beyond the plaintiff's pro rata share of any recovery.

Within 20 days of filing a complaint, a plaintiff filing a securities class action must notify members of the purported class in a widely circulated business publication or wire service. *Id.* § 78u-4(a)(3)(A)(i). This notice must identify the claims asserted in the lawsuit, the purported class period, and inform potential class members that, within 60 days of the notice, any member of the purported class may move the court to serve as lead plaintiff of the purported class. *Id.* § 78u-4(a)(3)(A)(i)(I)-(II). If a motion to consolidate has been filed with regard to multiple class actions brought on behalf of the same class, the court should resolve the motion before appointing a lead plaintiff. *Id.* § 78u-4(a)(3)(B)(ii). As noted above, the consolidation issue is moot as of the date of this writing.

The PSLRA directs the court to name the member of the plaintiff class that is the "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(i). A rebuttable presumption is established that the most adequate plaintiff is the person or group that has filed the complaint, made a motion in response to the widely circulated notice, has the largest financial interest in the relief sought by the class, and otherwise satisfies the requirements of Fed. R. Civ. P 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii).

Hurtado furnished an adequate certification (ECF 2-4) with the Motion. Among other things, he declares that he has not sought to serve or served as a representative party in a class action filed under federal securities law within the last three-year period. *Id.* In addition, he provided the required notice to members of the purported class by means of a publication in PRNewswire (ECF 2-3) on July 2, 2018.

Hurtado also timely filed the Motion to become lead plaintiff. *See* ECF 2-1. He asserts that he has the largest financial interest in the relief sought and satisfies the requirements of Rule 23. *Id.* at 6-7. Gramercy has not objected or provided any evidence to the contrary. *See* Docket. Accordingly, I shall name Hurtado as the lead plaintiff.

Under the PSLRA, the lead plaintiff may select lead counsel "subject to the approval of the Court." 15 U.S.C. § 78u-4(a)(3)(B)(v). Plaintiff has selected Robbins Geller Rudman & Dowd LLP ("Robbins Geller") as lead counsel. *See* ECF 2-1 at 7. It appears that Robbins Geller has extensive experience in class action securities cases, such as this one. *See* ECF 2-5. Therefore, I shall approval Hurtado's selection of Robbins Geller as lead counsel.

Despite the informal nature of this Memorandum, it is an Order of the Court and the Clerk is directed to docket it as such.

Very truly yours,

/s/

Ellen Lipton Hollander
United States District Judge

-2-